## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**RBS CITIZENS, N.A.**, successor to
Charter One Bank, N.A., a national
banking association,

Plaintiff

No. 2:13-cv-12891
vs.                                    Hon. Gerald E. Rosen

**RIGAS KARIOTOGLOU**, DDS, an
individual; **DIMITRIOS
KARIOTOGLOU**, an individual; and
**EKATERINI KARIOTOGLOU**, an
individual,

Defendants.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING AND ADJUST SCHEDULING ORDER

This action arises out of a guaranty agreement that Defendants entered into with Plaintiff to secure the non-party borrower's repayment of a commercial mortgage loan and an interest rate swap agreement.   After the borrower defaulted on its obligations, Plaintiff demanded payment in full from Defendants. Defendants deny that the borrower has defaulted and did not make Plaintiff whole, so Plaintiff commenced this one-count breach of guaranty action on July 2, 2013. Defendants have also filed a counterclaim.

1

Presently before the Court is Plaintiff's request to amend its Complaint to add subsequent events of default.[1]  First, Plaintiff asserts that the borrower failed to make payments under the swap agreement between November 2013 and April 2014.  (Ex. A to Plf's Mtn., Dkt. # 18-2, at ¶¶ 30-31).  Second, Defendants were apparently making principal and interest payments on the mortgage after this litigation commenced in July 2013, but stopped in February 2014.  (*Id.* at ¶ 27-29; Defs' Countercl., Dkt. #10, at ¶ 24; Defs' Resp., Dkt. # 21, at 5, 9).  Plaintiff provided notice of these defaults and asked that they be cured by April 30, 2014.  (Ex. A to Plf's Mtn., Dkt. # 18-2, at ¶¶ 31-33).  Defendants did not so cure, and Plaintiff moved to amend its Complaint five days later on May 5, 2014 to add these new factual allegations.  (Plf's Mtn., Dkt. # 18).  Importantly, Plaintiff does not add new causes of action.

In support, Plaintiff relies on Federal Rule of Civil Procedure 15(a)(2) and 15(d).  Under 15(a)(2), a party may amend a pleading by leave of the court and "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P.

---

[1] Plaintiff also asks that this Court modify its scheduling order to accommodate its request to amend.  Defendants consent to this request "only if Plaintiff is granted leave to file an Amended Complaint."  (Defs' Resp., Dkt. # 21, at 10).  Because this Court grants Plaintiff's request to amend its Complaint, it will also modify its scheduling order as set forth in text below.  Finally, the Court notes that both parties also request that this Court extend the response date for certain outstanding discovery.  Pursuant to this Court's Scheduling Order and its general practice, the parties must file a separate, proposed stipulated order to extend discovery response dates.

15(a)(2).    Federal Rule of Civil Procedure 15(d) applies in a more limited

circumstance, and provides as follows:

> On motion and reasonable notice, the court may, on just terms, permit
> a party to serve a supplemental pleading setting out any transaction,
> occurrence, or event that happened after the date of the pleading to be
> supplemented.  The court may permit supplementation even though
> the original pleading is defective in stating a claim or defense.  The
> court may order that the opposing party plead to the supplemental
> pleading within a specified time.

Fed. R. Civ. P. 15(d).  The Sixth Circuit has emphasized that the dividing line

between these two provisions is properly laid between the addition of new claims

and the addition of new transactions, occurrences, or events: "A Rule 15(a) motion

for leave to amend the complaint, not a Rule 15(d) motion to supplement the

pleading, is the appropriate mechanism through which a party may assert

additional claims for relief."  *Michael v. Ghee*, 498 F.3d 372, 386 (6th Cir. 2007).

Stated differently, the "appropriate bases for supplemental pleadings [under Rule

15(d)] are new facts bearing on the relationship between the parties, rather than

merely changes in law governing those facts."  *Id.* (quoting *United States v. Hicks,*

283 F.3d 380, 385-86 (D.C. Cir. 2002)); *see also Griffin v. Cnty. Sch. Bd. of Prince

Edward Cnty.*, 377 U.S. 218, 227 (1964) ("Rule 15(d) . . . plainly permits

supplemental amendments to cover events happening after suit.").

Rule 15(d) governs Plaintiff's motion.  Plaintiff's proposed First Amended

Complaint adds events of default that occurred *after* it commenced this litigation.

It falls plainly within Rule 15(d)'s requirement that a party set forth "any transaction, occurrence, or event *that happened after the date of the pleading to be supplemented.*"  All of this is a distinction without a difference however as "the same standard of review and rationale" applies to motions to supplement under 15(d) as motions to amend under 15(a). *Spies v. Voinovich,* 48 F. App'x 520, 527 (6th Cir. 2002).  Accordingly, this Court will evaluate Plaintiff's request and grant leave to amend unless it presents "instances of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'"  *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (citation omitted).

In opposition to Plaintiff's Motion, Defendants note that Plaintiff filed its Motion five days after the discovery cutoff date of April 30, 2014 and highlight that "where an amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." (Defs' Resp., Dkt. # 21, at 8-9) (citing *Wade v. Knoxville Util. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)).  Defendants therefore argue in conclusory fashion that the proposed amendment is "futile," and should be seen as "nothing more than a delay tactic to increase the costs of litigation . . . [and to] put undue pressure on Defendants to resolve this case at or before the upcoming settlement conference [with Magistrate

4

Judge David R. Grand on June 17, 2014.]"  (*Id.* at 9).  Defendants also suggest that Plaintiff brought this motion only after realizing that its initial position on the borrower's default is wrong and that it is likely to "be[] faced with summary judgment of its claims."  (*Id.* at 6).[2]

Exercising this Court's broad discretion and with an eye towards Rule 15's liberal amendment language and judicial economy, the Court will grant Plaintiff's Motion.  Defendants have presented no concrete reasons that would support a finding of undue delay, bad faith, undue prejudice, or futility.  This is Plaintiff's first request to amend its Complaint, a request which adds additional facts that Defendants do not contest and that arose after Plaintiff filed its Complaint -- including those that occurred less than one month ago.  While Plaintiff's Motion comes after the close of discovery, the deadline for dispositive motions has not arrived and neither party has so moved.  The Court recognizes that permitting Plaintiff to amend its Complaint will cause some delay in this litigation, but does not find it to rise to the level of a delay that would substantially prejudice Defendants.  *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994) ("Delay by itself

---

[2] Defendants additionally imply that because they would be entitled to offset any of the alleged defaults with the value of the loan's collateral, Plaintiff has not established that over $75,000 is in dispute and, as a consequence, this Court does not have subject matter jurisdiction.  (Defs' Resp., Dkt. # 21, at 6).  Plaintiff disagrees that Defendants are entitled to an offset.  (Plf's Reply, Dkt. # 22, at 8). The issue of amount in controversy is not adequately addressed in the parties' submissions.  If presented with an appropriate motion supported by pertinent facts, the Court will address the issue.

is not sufficient reason to deny a motion to amend.  Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.") (citation omitted).  Finally, Defendants have advanced no argument as to why Plaintiff's proposed amendments would be futile. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.").

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File Supplemental Pleading and Adjust Scheduling Order [Dkt. # 18] is GRANTED;

IT IS FURTHER ORDERED that Plaintiff shall file and serve the First Amended Complaint that is attached as Exhibit A to its Motion within five (5) days of entry of this Order;

IT IS FURTHER ORDERED that the December 18, 2013 Scheduling Order is hereby modified as follows:

| | |
|---|---|
| Final Non-Expert Witness List: | June 27, 2014 |
| Discovery Cutoff: | July 31, 2014 |
| Dispositive Motions: | August 31, 2014 |
| Joint Final Pretrial Order: | January 8, 2015 |
| Final Pretrial Conference | January 15, 2015 at 10:00 am |

Trial                                    February 17, 2015 at 9:00 am

IT IS FURTHER ORDERED that all other dates remain in effect, including but not limited to the previously scheduled settlement conference with Magistrate Judge Grand on June 17, 2014.  No further extensions will be granted.

**IT IS SO ORDERED.**


Dated:  May 27, 2014                 s/Gerald E. Rosen_____
                                     Chief Judge, United States District Court



I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 27, 2014, by electronic and/or ordinary mail.

                                     s/Julie Owens_____
                                     Case Manager, (313) 234-5135

7